IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ISAAC MARK RAMIREZ,

    Petitioner,

vs.                                                         No. CV 17-00453 JCH/KRS

HATCH/JERRY ROARK, WARDEN,

    Respondents.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court *sua sponte* under Fed. R. Civ. P. 41(b) on the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Isaac Mark Ramirez (Doc. 1). The Court will dismiss the Petition without prejudice for failure to comply with Court orders and failure to prosecute this action.

Petitioner Ramirez filed his Petition under 28 U.S.C. § 2254 on April 13, 2017. (Doc. 1). On April 26, 2017, the Court denied Petitioner's motion for leave to proceed *in forma* pauperis on the grounds that Petitioner's Motion disclosed more than sufficient assets to pay the $5 filing fee for this proceeding. (Doc. 4). The Court ordered Petitioner Ramirez to pay the $5 filing fee within 30 days. (Doc. 4). Petitioner did not pay the $5 fee.

On March 27, 2018, the Court ordered Petitioner Ramirez to show cause, within twenty-one (21) days why the case should not be dismissed for failure to pay the $5 filing fee and to comply with the Court's Order. (Doc. 7). The Order to Show Cause also notified Plaintiff that, if he did not show cause within 21 days, the case could be dismissed without further notice. (Doc.

7). More than 21 days has elapsed and Petitioner Ramirez did not pay the $5 filing fee, did not show cause, and did not respond to the Court's March 27, 2018 Order to Show Cause.

Petitioner Ramirez was denied leave to proceed *in forma* pauperis based on his financial ability to pay the $5 fee. He was ordered to pay the $5 filing fee within thirty (30) days. (Doc. 4). The inmate account statement showed that Ramirez had an account balance sufficient to pay the initial partial payment, but spent his money on commissary purchases. (Doc. 3 at 3-4). *See Shabazz v. Parsons,* 127 F.3d 1246, 1248-49 (10th Cir. 1997). "[W]hen a prisoner has the means to pay an initial partial filing fee and instead spends his money on amenities at the prison canteen or commissary, he should not be excused for failing to pay the initial partial filing fee." *Baker v. Suthers,* 9 F. App'x 947. 949 (10th Cir. 2001). Petitioner did not pay the $5 filing fee within the thirty day time period and has never paid the $5 fee. Further, when ordered to show cause why the case should not be dismissed, Ramirez failed to respond, in any way, to the Court's Order.

The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, or to comply with statutes, rules of civil procedure, or court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n.3 (10th Cir. 2003). Petitioner Ramirez has failed to comply with statutes, rules and court orders, and has failed to prosecute this proceeding. The Court will dismiss this proceeding under Fed. R. Civ. P. 41(b) for failure to comply with the Court's Orders and failure to prosecute this action.

**IT IS ORDERED** that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Isaac Mark Ramirez (Doc. 1) is **DISMISSED** without prejudice under Fed. R. Civ. P. 41(b).

_____
UNITED STATES DISTRICT JUDGE